UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82335-CIV-MARRA/JOHNSON

JOANE BELONY, individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

AMTRUST BANK, an Ohio corporation,
and AMTRUST BANK INVESTMENT
SERVICES, INC., a Florida corporation
a/k/a AMTRUST BANK,

      Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant Amtrust Investment Services, Inc.'s Motion to Dismiss Amended Complaint. (DE 26). The motion is fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise fully advised in the premises.

**I. BACKGROUND**

Plaintiff Joane Belony filed this Amended Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime wages against Defendant Amtrust Investment Services, Inc. (DE 24). In 2008, Plaintiff worked as a "personal banker" for AmTrust Bank. On December 1, 2008, Plaintiff signed an employment agreement with Defendant, which provided that Plaintiff would retain her position with AmTrust Bank but would also "act for and on . . . behalf of [Defendant] in the sale of investment products and/or annuities

1

to customers of [AmTrust Bank] and the general public." (DE 24, Ex. 1, § 1.1). The agreement refers to Plaintiff's position as a "licensed securities sales person" and a "licensed insurance agent." (DE 24, Ex. 1, § 1.1).

During her employment with Defendant, Plaintiff alleges that she was paid both an hourly wage and commissions. (Compl. ¶ 10). Plaintiff alleges that between November 2006 and the initiation of this lawsuit, she regularly worked over forty hours per week for Defendant, but that Defendant failed to compensate her at the statutory rate of time and one-half for the hours in excess of forty, in violation of the FLSA. (Compl. ¶¶ 11–14). Specifically, Plaintiff alleges that Defendant required Plaintiff to work "off the clock" hours, including requiring her to under-report hours worked and to take lunch deductions even when she did not take a lunch break. (Compl. ¶ 14).

Defendant now moves to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (DE 26).

## II.   LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

### III.    DISCUSSION

The Court will deny Defendant's motion to dismiss for several reasons.  First, Defendant's motion fails to comply with this Court's Local Rules.  Local Rule 7.1(a) requires that "[e]very motion when filed shall include or be accompanied by a memorandum of law *citing supporting authorities*." (Emphasis added).  Defendant's memorandum of law, however, fails to cite any authority, except the employment agreement, in support of its legal arguments.  For example, Defendant argues that the employment agreement's provision for commission-only compensation absolves it of the FLSA's requirements to pay overtime wages.  Def.'s Mot. at 3.  Even if this were true, which depends on other factors Defendant does not address, Defendant's

failure to cite *any* authority for this principle makes it difficult for the Court to rule in its favor. Defendant's deficient memorandum of law is itself a basis to deny its motion.

Second, Defendant's legal arguments fail on the merits. Defendant first argues that under the employment agreement, attached to the amended complaint,[1] Plaintiff was an employee of Amtrust Bank, performing only "limited services" for Defendant. As such, Defendant contends that any claim for unpaid overtime wages lies only against AmTrust Bank, her true employer. This argument is unavailing.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Court may look to several factors to determine whether the defendant is an "employer," including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). The plain language of the employment agreement satisfies the first three factors. For instance, the agreement provides: (1) "This Agreement and the relationship created hereby may be terminated by you or by [Defendant], with or without cause, at any time," (DE 24, Ex. 1, § 5.1), (2) "[Defendant] will exercise exclusive supervision and control your work with respect to the offering and sale of non-deposit investment and insurance products," (DE 24, Ex. 1, § 2.2), and (3) "The compensation program will be reviewed periodically and may be amended by [Defendant] as it deems appropriate in its sole discretion," (DE 24, Ex. 1, § 2.1). Based on this

---

[1] In deciding a motion to dismiss, the Court may consider documents attached to the complaint. *Arango v. U.S. Dept. of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997).

agreement, the Court cannot conclude, as a matter of law on a motion to dismiss, that Defendant was not an "employer" under the FLSA. Accordingly, Plaintiff has stated a claim against Defendant for the overtime hours she worked as Defendant's sales person.

Next, Defendant argues that the employment agreement "unequivocally indicates that Plaintiff's compensation was limited to commissions . . . and expressly states that Plaintiff is 'not entitled to any compensation other than as provided' in the Agreement." Def.'s Mot. at 3. Accordingly, Defendant contends that it is not responsible for paying overtime hourly wages. The Court disagrees.

First, while the agreement does provide that Plaintiff is "not entitled to any compensation other than as provided herein," (DE 24, Ex. 1, § 2.1), the agreement does not expressly limit that compensation to commissions. In fact, the same provision upon which Defendant relies refers to "commissions or other compensation." *See* DE 24, Ex. 1, § 2.4 ("[T]he foregoing does not obligate [Defendant] to pay any commissions or other compensation to you if [Defendant] terminate[s] this Agreement for cause."). Thus, the Court cannot conclude, as a matter of law, that the contract only contemplated compensation on a commission basis, and Plaintiff alleges otherwise. *See* Compl. ¶ 10, where Plaintiff alleges that she was "paid on an hourly basis, in addition to commissions."

Second, even if Plaintiff was paid on a commission-only basis, this does not necessarily exempt Defendant from paying overtime wages. Under the FLSA, employees who are paid on a commission basis are still entitled to receive overtime pay. Employees are exempt from overtime pay *only* if "(1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate . . . and (2) more than half his compensation for a representative period

(not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(I). It is well established that the employer "bears the burden of proving the applicability of a FLSA exception by clear and affirmative evidence." *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001). According to the allegations in the amended complaint, Plaintiff was a non-exempt employee of Defendant and was not paid overtime wages for weeks in which she worked more than forty hours. Compl. ¶¶ 3, 9. Based on these allegations, which Defendant ignores, the Court cannot conclude at the motion-to-dismiss stage that Defendant is exempt from paying overtime wages. Accordingly, Defendant's argument that it need not compensate Plaintiff beyond her commissions fails.

IV.    **CONCLUSION**

For the reasons set forth above, it is hereby ORDERED AND ADJUDGED that Defendant AmTrust Investment Services, Inc.'s Motion to Dismiss Amended Complaint (DE 26) is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 8th day of June, 2011.

KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of Record